**Patrick John SULLIVAN, Petitioner,**

**v.**

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

Civ. A. No. 17966–3.

United States District Court,
W. D. Missouri, W. D.

Jan. 27, 1970.

Patrick John Sullivan, pro se.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus to relieve him of certain punishments allegedly imposed upon him by the respondent. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted of "bank robbery" on his plea of guilty in the United States District Court for the Northern District of Ohio; that he did not appeal from the judgment of conviction or imposition of sentence; that he has filed no previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction; and that he was represented by counsel at his arraignment and plea and at his sentencing.

As grounds for relief in habeas corpus, petitioner states that in October 1969 he was brought before the "Institution's Good Time Forfeiture Board" rather than before the Adverse Behavior Board, and that he entered a "plea of guilty" to having had possession of four ounces of grain alcohol; that "due to this plea of guilty petitioner was not permitted staff representation and was not made aware that it was a good time forfeiture hearing"; that "as a result of the good time forfeiture board's decisions the following actions were brought against the petitioner: (a) discontinuance of meritorious compensation; (b) discontinuance of meritorious good time; (c) forfeiture of (365) three hundred sixty-five days of petitioner's statutory good time"; that such punishment is not reasonably related to the infraction committed by petitioner and is therefore cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution; and that such punishment is also "invidious discrimination" within the meaning of the Fourteenth Amendment because other prisoners who have been charged with the same offense and found guilty have not received as severe punishment as petitioner.

Petitioner, under these circumstances, does not state a claim in habeas corpus. By virtue of Section 4042, Title 18, United States Code, the care, custody, control, treatment and discipline of federal prisoners is vested in the Attorney General or his authorized delegate. Absent the violation of a constitutional or statutory right or other exceptional circumstances, their actions will not be reviewed by the courts. Harris v. Settle (C.A.8) 322 F.2d 908, cert. den. 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179; Austin v. Harris (W.D.Mo.) 226 F.Supp. 304; Edmundson v. Harris (W.D.Mo.) 239 F.Supp. 359; Sutton v. Ciccone (W.D.Mo.) 292 F.Supp. 374. Petitioner does not question his guilt of the charge for which he was punished, nor the propriety of the respondent's acceptance of his plea of guilty.[1] Petitioner's sole contention cognizable in habeas corpus is that the punishment is so far in excess of that which is necessary to constitute a legitimate penal aim that it constitutes cruel and unusual punishment. See, e. g. Hancock v. Avery (M.D.Tenn.) 301 F.Supp. 786, for the enunciation of this principle. Petitioner states that the punishment is especially harsh in that it suspended his right to earn meritorious compensation which amounted to $15.00 per month and five extra days of statutory good time monthly. Petitioner further states that, since the beginning of service of his sentence on March 12, 1964, he had received only one prior disciplinary report which was of a "minor" nature; and that "there have been similar incidents on the very ward in which I reside where men were charged with the exact violation of rules (possession of alcohol) and received (sic) a much lesser punishment than myself." However, in the case of unauthorized possession of intoxicants inside a prison, the offense is a serious breach of discipline and warrants strict disciplinary measures. The forfeiture of statutory good time cannot be said to be excessive when similar forfeitures might regularly be imposed, e. g., on parolees who subject themselves to be retaken for parole violation by unlawfully possessing intoxicants, and as a result lose freedom and possibly in many instances, as much accumulated good time. Further, the suspension of the "right" to earn meritorious compensation is, in reality, the suspension of a privilege, the granting and withdrawal of which is within the sound discretion of the respondent. Petitioner, however, states that certain of respondent's policy statements would prohibit the imposition of such harsh penalties. He cites the following:

"H–7200.3(2) (c)

Conduct problems are handled along treatment, instead of punitive, lines. (sic)

"H–7400.1A(9) (B) (2)

due process clause requires, as a matter of fairness, that before a prison authority imposes upon a prisoner a serious penalty (as distinguished from a summary action to quell a disturbance, or a protective order against immediate risks) the authority must (1) advise the prisoner of the charge of misconduct, (2) inform the prisoner of the nature of the evidence against him, (3) afford the prisoner an opportunity to be heard in his own defense, and (4) reach its determination upon the basis of substantial evidence." 306 F.Supp. 3.
Petitioner does not state the violation of any of those standards.

---

1. Petitioner does state that he did not receive "staff representation" because of his plea of guilty. Apparently, he means that he waived his right to have some type of representation in the disciplinary proceedings by voluntarily admitting his guilt before the prison tribunal, thus obviating any necessity of any kind of fact finding on the part of the tribunal. Even if petitioner should not mean to make such a statement, however, the recent case of Nolan v. Scafati (D.Mass.) 306 F.Supp. 1, held that there is no constitutional right to counsel or cross-examination in hearing before a prison disciplinary board. That case further stated:

"Without deciding the matter, we may for present purposes assume that the

The committee wil review and evaluate all misconduct as to the underlying causes for the adverse behavior and will generally consider all possible courses of action before reaching a decision. Disciplinary (sic) in all cases will be treatment-centered with a specific follow up program outlined in the decision. (sic)

"H–7400.1A(11) (A) (3)

Disciplinary measures will be taken only at such times and to such degrees as are necessary to regulate and control the man's behavior within acceptable limits and will never be rendered capriciously or in the nature of retaliation or revenge." (sic)

These regulations, as set forth by petitioner, however, contradict his contention that his punishment should be standard and equal to punishment received by other prisoners for the same infraction. Under the regulations as quoted, disciplinary measures would not require that all prisoners receive the same punishment for the same type of infraction. In considering the reasonableness of punishment for the infraction of a prison rule, the background of a prisoner may be considered by the respondent. See Fulwood v. Clemmer (D.D.C.) 206 F.Supp. 370. It is clear, however, that petitioner has not been subjected to cruel, unusual or arbitrary punishment in view of the seriousness of the offense. Neither the Eighth Amendment's prohibition of cruel and unusual punishments nor the quoted policy statements of the Medical Center have been violated by the degree of punishment imposed.

It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.